GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
CANDIS MITCHELL
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Candis_Mitchell@fd.org

Counsel for Defendant Brown

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| United States of America, | Case No.: CR 19–226 HSG |
|---|---|
| Plaintiff, | **Defendant's Sentencing Memorandum** |
| v. | |
| Anthony Brown, | Hearing Date:   May 26, 2021 |
| Defendant. | |

INTRODUCTION

Defendant Anthony Brown requests a sentence of three years supervised release as well as the other conditions recommended in the Presentence Report in light of his successfully completion of the Alternatives to Incarceration Program ("ATIP"). Additional time in custody would be unnecessary and unwarranted in this case—especially considering the addiction that Mr. Brown was going through at the time of the offense and the changes that he has made in his life.

FACTORS TO BE CONSIDERED IN THE IMPOSITION OF A SENTENCE

The proposed sentence of three years' supervised release is reasonable. In determining an appropriate sentence, the Court must look to the factors set forth in 18 U.S.C. § 3553(a)—among them the applicable Sentencing Guideline calculation. *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). While the Court must remain mindful of the Sentencing Guideline recommendation, that is only one of the applicable factors, the Guideline range is not presumptively reasonable and it cannot be given any more or less weight than any other factor listed in section 3553(a). *Autery*, 555 F.3d at 872; *Carty*, 520 F.3d at 988, 991. The Court's paramount concern must be to impose a sentence "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Carty*, 520 F.3d at 991. In this case, a sentence of three years of supervised release is more than sufficient to achieve the goals of sentencing.

**1. The Nature and Circumstances of the Offense**

In February 2017, agents from the DEA, the United States Internal Revenue Service, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Antioch Police Department, Oakley Police Department, and Concord Police Department began a joint investigation into the suspected drug trafficking activities of Lorenzo Lee. PSR ¶ 14. In August of 2017, investigators conducted a series of controlled narcotics purchases. PSR ¶ 16.

During the course of the controlled purchase investigations, agents saw Mr. Brown engaging in courier duties associated with drug trafficking. Namely, Mr. Brown would bring drugs and money to various locations. PSR ¶ 17. Additionally, agents listened to wiretaps of Mr. Brown speaking with others who were giving him directions relate to drug trafficking—such as to check inventory amounts and requesting that Mr. Brown make delivers of controlled substances or cash. PSR ¶¶ 19-20.

Charged with Conspiracy to distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base and Distribution of 28 grams or more of a mixture and substance containing cocaine base, Mr. Brown plead guilty with plea agreement and began participating in ATIP. He successfully completed the program. Mr. Brown's offense conduct occurred under the press of his Substance Use Disorder. His substance use radically altered his judgment and led to him to engage in the charged offense conduct.

**2.   The History and Characteristics of the Defendant**

Because of his participation in ATIP, the Court is more familiar with the history and characteristics of Mr. Brown than the average defendant. A long-term resident of the Bay Area, Mr. Brown had a relatively normal childhood. Though not raised by his parents, he had a strong and loving relationship with his maternal grandparents—who were his primary caregivers. PSR ¶¶ 55-58. Though he doesn't consider his parents to be addicts, when he was growing up, he does recount that he would frequently see them intoxicated on the weekend because of alcohol. A self-described sheltered bookworm, Mr. Brown made it to adulthood with a largely blemish free existence.

He met and married his first wife at a young age—shortly after he graduated from high school. While he had enrolled in community college after graduating, he dropped out of school and began working to support his new family. He and his wife together had a child and for a period of time, Mr. Brown was a satisfied, hard-working father. That began to change after he and his wife separated and she remarried. After their divorce, Mr. Brown's wife met and married her next husband who was in the military. PSR ¶ 60. Because she had primary custody of their children, Mr. Brown could not easily see his sons as they moved frequently with their step-father. This separation was hard for Mr. Brown as he enjoyed his children and being a father. Though his first marriage ended in divorce, Mr. Brown

later met and married his second wife. Unfortunately, their marriage ended after her early death. PSR ¶ 59. It was after his second wife's passing that Mr. Brown began seriously abusing both crack and alcohol.

Though sober today, Mr. Brown has a long history of substance abuse and began abusing alcohol and crack on a regular basis. His usage continued unabated until his arrest in this offense. After his pretrial release, Mr. Brown was admitted to and successfully completed residential treatment at New Bridge. Though he relapsed from consumption of alcohol and crack after his treatment, today he is a changed person. He has found a new pro-social community of recovered addicts, *see* PSR ¶ 71, and has not had a positive test for either alcohol or crack since June 2020. PSR ¶ 72.

Because his participation in the ATIP program, Mr. Brown has now been sober and productive. He is presently seeking new employment and is planning on continued residence with people who are supportive of his new lifestyle.

**3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence; and, the Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant**

All of these sentencing goals would be achieved by the requested sentence of three years supervised release. The proposed sentence would adequately reflect the seriousness of this offense—an offense for which Mr. Brown has accepted responsibility. It also would deter him from committing future crimes and protect the public as he will be intensively supervised for a lengthy period.

An extended period of supervision beyond three years supervised release is unnecessary to deter future criminal conduct. Mr. Brown, has grown significantly over the past year and has broken free from his past and the shadow of his addiction. He has cultivated the skills and techniques to live a law-abiding life.

**4. The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

While on supervision, Mr. Brown plans to avail himself of continued mental health and

substance abuse counseling—both of which would have the greatest impact in decreasing the risk of recidivism

Mr. Brown requires no time in custody to attain needed educational or vocational training as he has successfully been working on both while in ATIP. Mr. Brown recently has enrolled in computer courses and taken classes at Laney College.

**5.  The Kinds of Sentence Available**

Here, the Court may impose any sentence between 5 and 40 years' imprisonment, four years' supervised release, a $5,000,000 fine, and a $100 special assessment per count.

### a.  Mr. Brown's Proposed Sentencing Range as Set Forth in the Guidelines

| | |
|---|---|
| Base Offense Level, USSG § 2D1.1 | 28 |
| Safety Valve, USSG 2D1.1(b)(18) | −2 |
| Minor Role, USSG 3B1.2(b) | −2 |
| Acceptance of Responsibility, USSG § 3E1.1(a) & (b) | −3 |
| Total Offense Level | 21 |
| Criminal History Category | I |
| Sentencing Guideline Range | 37-46 months |
| Probation Officer Recommendation | three years supervised release |
| Mr. Brown's Recommendation | three years supervised release |

**6.  Any Pertinent Policy Statement**

Addressed above.

**7.  Unwarranted Sentencing Disparity**

Mr. Brown's sentence of three years supervised release would not result in unwarranted sentencing disparity between he and other similarly situated individuals in the district who successfully complete ATIP.

*BROWN*, CR 19–226 HSG

5

**8. Restitution**

The parties have no recommendation for restitution.

CONCLUSION

Having meaningfully reflected on his life, Mr. Brown now sees the relationship between his addictions, his lack of judgment and critical thought about his life, and his commission of the instant offense more clearly than he ever has before. More than can possibly be expressed to the Court, he deeply desires a far better future for himself, and is eager to change and move forward positively with his life.

He respectfully requests that this Court sentence him to three years supervised release, a sentence that adequately balances the necessity of meting out sufficient punishment for the instant offense, while also simultaneously accounting for the myriad countervailing sentencing objections and considerations provided for in 18 U.S.C. § 3553(a).

Dated:   May 21, 2021                              Respectfully submitted,

                                                   GEOFFREY HANSEN
                                                   Acting Federal Public Defender
                                                   Northern District of California

                                                           /S
                                                   CANDIS MITCHELL
                                                   Assistant Federal Public Defender