UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　v.<br>TIMOTHY PEOPLES,<br>　　　　　Defendant. | Case No. 19-cr-00226-RS-1<br><br>**FURTHER ORDER ON TIMELINESS OF TRIAL EXHIBITS** |

Defendant Peoples objects to certain items on the government's sixth amended exhibit list, filed on February 2, 2024, that he suggests contains evidence disclosed to him belatedly resulting in undue prejudice to him.[1] He now seeks a ruling to prohibit the government from proffering any evidence that he purports was disclosed to him untimely, including records of car sales and a chart with tracker data, as well as co-conspirator statements from wiretap calls and texts between Peoples and defendant Lorenzo Lee.

The parties do not dispute that the bulk of the items on the government's exhibit list was previously disclosed in a timely fashion. As to the coconspirator statements in the wiretap calls and texts, Peoples' substantive arguments were already addressed in the order on motions *in limine* granting the government's first motion and denying Peoples' second motion. *See* Dkt. 535. His argument that the bulk of these calls were not disclosed in a timely manner is unavailing

---

[1] Peoples' objections, made verbally following the first day of trial proceedings, is construed as a motion *in limine*.

because the government did, in fact, timely disclose the co-conspirator notice, and may reasonably amend that notice closer to trial, to the extent that the additional material substantively represents more of the same.

Peoples suggests that the government's sixth amended exhibit list represents a flurry of new evidence that was concealed to him previously and is so voluminous such that he now must clamber to address the new disclosures. His objection mischaracterizes the nature of the government's amendment, which mostly consists of evidence the government timely disclosed to the defense in support of its case. While it would have been preferrable for the government to have submitted a final pretrial exhibit list at the agreed upon deadline, it reserved the right to make amendments and the material that has been added is not such that it would prejudice Peoples in that it does not represent new material whose designation would unfairly prejudice him at this juncture.

While a small number of not previously disclosed material was added to the government's exhibit list following the parties' agreed upon deadline, these records were produced by trial subpoena and were disclosed to the defense upon receipt by the government. The government may supplement the exhibit list as it receives additional material, and there is no evidence that its further disclosures in the sixth amended exhibit list were an attempt to sandbag the defendants or were such that Peoples is prejudiced. Accordingly, Peoples' motion *in limine* is denied.

**IT IS SO ORDERED**.

Dated: February 5, 2024

_____
RICHARD SEEBORG
Chief United States District Judge