UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>TIMOTHY PEOPLES,<br><br>   Defendant. | Case No. 19-cr-00226-RS-13<br><br>**ORDER DENYING MOTION FOR NEW TRIAL** |

## I. INTRODUCTION

In this drug possession and distribution case, defendant Timothy Peoples moves for a new trial under Federal Rule of Criminal Procedure 33. He bases his motion on two grounds. First, Peoples argues that the court erred in providing to the jury the government's proposed instruction regarding the legality of the acquisition of evidence (hereinafter, "Instruction No. 11"). Second, Peoples contends that the failure to include any of his theory-of-the-defense instructions serves as a suitable basis for a new trial. Neither prong provides sufficient grounds to warrant a new trial in the interest of justice. Accordingly, this motion is denied and the hearing set for March 19, 2024 is vacated.

## II. BACKGROUND

This case arose out of a multiyear, multi-defendant federal wiretap investigation. For Peoples, the investigation culminated on the morning of April 30, 2019, when agents from the Drug Enforcement Agency ("DEA") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") joined Antioch police officers to search the home of Peoples' girlfriend in

Antioch, where he was believed to have resided ("the search"). The search led to the discovery of illicit drugs and related paraphernalia. Peoples was subsequently charged in the Superseding Indictment with Count Seventeen under 21 U.S.C. § 841(a) and (b)(1)(B) for possession with intent to distribute a substance containing cocaine base and Count Eighteen under 21 U.S.C. § 841(a) and (b)(1)(C) for possession with intent to distribute cocaine. On February 14, 2024, following an eight-day jury trial, Peoples and co-defendants Evan Martinez Diaz and Luis Torres Garcia were convicted on all counts.

Prior to trial, Peoples filed a motion to suppress evidence seized from the search. Dkt. 428. Painting a picture of shoddy and unreasonable treatment by law enforcement agents executing the search, Peoples insisted that suppression of evidence seized was merited. His suggestion that the evidence seized was "staged" by officers failed to hold water and that motion was denied. Absent was any showing of a "nexus" between purported Fourth Amendment violations and the seizure of evidence. *See United States v. Ankeny*, 502 F.3d 829, 837 (9th Cir. 2007). Notwithstanding the disposition of his suppression motion, he was left free to renew his staged-evidence argument at trial, which he did.

On the eve of the charging conference, the government moved to include a legality-of-the-acquisition instruction, the full text of which read:

> The evidence in this case was obtained legally. It is not for you to consider whether any evidence presented to you was obtained improperly or in violation of law.

Dkt. 565. Peoples opposed, primarily objecting to the second sentence of the instruction to insist that the jury should be permitted to consider the "improprieties" of the search, in support of his larger theory that the evidence seized at Peoples' residence was untrustworthy. Peoples' objections were taken into account and a modified version of the government's proposed instruction was ultimately provided to the jury. The modified text, what eventually became Instruction No. 11, read as follows:

> The evidence in this case was obtained legally. It is not for you to consider whether any evidence presented to you was illegally

obtained. It remains for you to determine the weight of all the evidence.

Peoples also moved to include five theory-of-the-defense instructions at the charging conference, including: (1) an instruction directing the jury to consider the credibility of the evidence based on the discrepancies between the pre-search video of his residence and the photographs of the kitchen once the search commenced; (2) an instruction to consider whether the government witnesses harbored bias against any defendants; (3) instructing the jury to consider a party's proffer of weak or less satisfactory evidence when stronger evidence could have been produced and reasserting that a defendant is not obligated to produce any evidence; (4) an instruction that a reasonable doubt as to Peoples' guilt could be formed by law enforcement officers' failure to follow standard procedures; and, similarly, (5) instructing the jury to decide whether the government has met its burden of proof by failing to use specific investigative techniques, to wit, recording its interrogation of Peoples. *See* Dkt. 573. Peoples' motion to include these five instructions was denied in its entirety.

### III.   LEGAL STANDARD

Federal Rule of Criminal Procedure 33 governs a motion for a new trial. Rule 33 permits the court to "vacate a judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are generally disfavored and should only be granted in "exceptional" cases. *United States v. Del Toro–Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012) (citing *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33, and before ordering a new trial pursuant to Rule 33, a district court must find that there is a real concern that an innocent person may have been convicted." *United States v. Halali*, No. 14-cr-00627-SI-1, 2017 WL 3232566, at *2 (N.D. Cal. July 28, 2017) (quoting *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009)); *cf. United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989) (defendant carries a "significant burden" to show district court abused discretion in denying new trial). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may

1 have occurred, it may set aside the verdict, grant a new trial, and submit the issues for

2 determination by another jury." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000)

3 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980)).

## IV.   DISCUSSION

### i.   The inclusion of Instruction No. 11 is not a basis for a new trial

"A district court has substantial latitude in crafting jury instructions, provided that they fairly and adequately cover the issues presented." *United States v. Luong*, 965 F.3d 973, 986 (9th Cir. 2020) (citations omitted). The question is whether "the instructions, viewed as a whole, were misleading or inadequate to guide the jury's deliberation." *Id*. (citations omitted). Peoples suggests that Instruction No. 11 was included, at least in part, based on misrepresentations by the government regarding two cases that included legality-of-the-acquisition instructions. He argues that the legality-of-the-acquisition instruction in *United States v. Williams* was improperly included because the Ninth Circuit ultimately reversed the district court's denial of the suppression motion, so the instruction should never have been given in the first place because the search was illegal. *See United States v. Williams*, No. 22-10052 2023, WL 5925893 (9th Cir. Sep. 12, 2023). Following that logic, because the motion to suppress was denied here and the search was legal, it was not error to include Instruction No. 11. Peoples further argues that unlike in *Williams* and *Alvarez*, here the legality-of-the-acquisition instruction did contradict the defense's theories and the objection timely preserved the issue. Similarly, Peoples insists that the legality of the search in Alvarez was never really in question. *See United States v. Alvarez*, Case No. 3:20-cr- 00086. The government refutes that characterization of *Alvarez*, as both Alvarez and Peoples repeatedly "sought to place the legality of the search…before the jury." Even taking Peoples' description as true, Instruction No. 11 was modified, upon Peoples' request, from the government's original proposal precisely to allow Peoples to present his defense theory, which is that the evidence was compromised because of some kind of bias against his client. Peoples' objections to the legality of the search were considered, as was his argument that the evidence was staged. This issue was litigated in his motion to suppress, and the search was deemed legal and its fruits admissible.

Nonetheless, he was able to delve into the supposed improprieties of the search at trial during cross-examination and through his own witnesses to support his bias theory, even though he was cautioned several times outside the presence of the jury that his theory was tenuous at best.

Instruction No. 11 reflects established law, and, contrary to Peoples' characterization, did not "remove much of the defense's evidence from the jury's consideration." Instead, it defined exactly the distinct roles of the court and the jury. Its inclusion was necessary because of Peoples' confusing theory that the evidence was not "illegally" obtained but was "improperly" conducted, and the very real concern that the jury could impermissibly usurp the court's role in determining what is and is not admissible evidence. If anything, Instruction No. 11 was included exactly to "provide adequate guidance to the jury" in this regard. *See United States v. Kwok Leung Kwan*, No. CR06-305Z, 2007 WL 9753037 at *2 (W.D. Wash. Aug. 15, 2007). The instruction did not prohibit the jury from considering how the search occurred, nor did it force them to accept the government witnesses' version of events over that presented by Peoples.

### ii. The exclusion of Peoples' theory-of-the-defense instructions is not a basis for a new trial

The balance of Peoples' motion is predicated on the exclusion of his theory-of-the-defense instructions. A defendant may request the judge to instruct the jury on his theory of the defense if it is supported by law or has some basis in evidence. *United States v. Mason*, 902 F.3 1434, 1438 (9th Cir. 1990). Three hurdles must be satisfied to support a motion for a new trial on the basis of a failure to include defense theory instructions: first, the defendant's proposed instruction must have "some foundation in evidence;" second, the instruction(s) must be "supported by law;" and, finally, whether "other instructions, in their entirety, adequately cover that defense theory." *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010) (citations omitted).

Peoples' first proposed instruction invited the jury to consider the credibility and integrity of the evidence presented, specifically the discrepancies between the pre-search video taken at Peoples' girlfriend's residence and the photos taken during the course of the search. The Ninth Circuit Model Instruction 6.9 – Credibility of Witnesses, included in the final instructions given to

the jury, covered Peoples' first proposed theory-of-the-defense instruction and no additional instruction was warranted.

The second instruction was excluded because Peoples failed to present any evidence of bias against him on the part of the law enforcement agents who conducted the search. While he was able to present facts about the manner of the search, there was no foundation in evidence, other than conjecture, reflecting bias against him by the executing agents.

Peoples' next proposed instruction concerned weaker-or-less-satisfactory-evidence. It sought to instruct the jury to consider if a party brings weak or lesser evidence when stronger evidence could have been brought and reiterated that the burden to produce evidence is on the government, not the defense. This instruction was unnecessary. During *voir dire* and in the preliminary and final instructions, the jurors were reminded that the defendants were not required to present any evidence. *See* Manual of Model Criminal Jury Instruction for the District Courts of the Ninth Circuit 1.2 (2022 ed.). Indeed, the final jury instructions told the jury that "the defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt." Jury Instr. No. 2. Further, the jury was adequately instructed that it was to compare weak and strong evidence and testimony. *See, e.g.*, Jury Instr. Nos. 4, 13, 14, 15. In fact, the last sentence of Instruction No. 11, added upon Peoples' insistence, also reiterated this point. Intr. No. 11 ("It remains for you to determine the weight of all the evidence.")

The fourth proposed instruction suggested that the law enforcement agents' failure to follow standard procedure could trigger reasonable doubt as to Peoples' guilt. Notwithstanding the reasonable doubt instruction given to the jury (Jury Instruction No. 2) this instruction has no basis in fact or law. Peoples failed to present any evidence as to how any agents' purported failure to follow the internal guidelines and protocols of his or her respective agency reflected in any way on his legal rights or that the agents were biased.

The final proposed defense theory instruction was similarly excluded because Peoples failed to show how that the failure to record his interrogation was either inconsistent with DEA policy or ultimately relevant in any event. Multiple agents testified that they needed specialized

DEA equipment to record an interrogation, which was unavailable to them at the time Peoples was interrogated. Peoples was permitted to cross-examine the witnesses about this policy and he did so. He argued that the agents knew in advance they would be conducting the interrogation, so he "should be able to argue with accuracy that [the agents] failed to make any attempt to try to get the equipment over to where they knew they would be questioning people or to bring people over to where the equipment was." He was able to make this argument at trial, but the instruction was excluded because it was unnecessary and potentially misleading. Ultimately, the jury was able to weigh the extent to which the failure to record the interrogation casted a shadow on the government's burden of proof, and no specific instruction on this argument was warranted.

## V.   CONCLUSION

Neither the inclusion of Instruction No. 11 nor the exclusion of Peoples' theory-of-the-defense instructions provide an adequate basis to warrant a new trial under Federal Rule of Criminal Procedure 33. Accordingly, Peoples' motion for a new trial is denied.

**IT IS SO ORDERED**.

Dated: March 14, 2024

_____
RICHARD SEEBORG
Chief United States District Judge